## National Banks as Trust Companies.

*Corporations — National banks — Title — "Trust" companies — Acts of April 22, 1909, and May 19, 1923.*

The Act of April 22, 1909, P. L. 121, as amended by the Act of May 19, 1923 (Act No. 175), forbidding the use of the word "trust" as part of the name or title of corporations or partnerships not subject to the supervision of the Commissioner of Banking of this Commonwealth, is not applicable to national banks authorized by Federal law to make such use of that word.

Department of Justice. Opinion to Hon. J. W. Morrison, First Deputy Secretary, Department of Banking.

BROWN, Dep. Att'y-Gen., July 10, 1923.—Your letter of June 27th, directed to the Attorney-General, asking whether national banks doing business in this State may use the word "trust" as part of their corporate title, has been received by this department.

The Act of April 22, 1909, P. L. 121, as amended by the Act of May 19, 1923 (Act No. 175), provides, in section 2, as follows: "No person, copartnership, limited copartnership, or corporation, except only corporations created under the laws of this Commonwealth and reporting to, and under the supervision of, the Commissioner of Banking (of this Commonwealth), or corporations created under the laws of some other state and reporting to, and under the supervision of, the Commissioner of Banking of (some other state or commonwealth) such state, shall, in this Commonwealth, advertise or put forth any sign as a trust company, or use the word 'trust' as a part of its name or title: Provided, always, that this act shall not be held to prevent any individual, as such, from acting in any trust capacity as heretofore. Any violation of any provision of this section shall constitute a misdemeanor, and, on conviction thereof, the offender shall be sentenced to pay a fine of not exceeding $500 for each offence."

A national bank may act in this State in a fiduciary capacity after obtaining from the Federal Reserve Board a permit so to act and complying with the acts of assembly requiring the filing of an affidavit with the Secretary of the Commonwealth, and a certified copy of a resolution filed with the Secretary of the Commonwealth agreeing to accept the provisions of the Act of 1889, and also a certified copy of a resolution filed with the Commissioner of Banking agreeing to put itself under the supervision and examination of the State Banking Commissioner. The right of the Federal Reserve Board to issue such permits is found in section 11, sub-division *(k)*, of the Federal Reserve Act.

Having at least some of the powers of a trust company, the question arises, has such bank, a national bank, the right to use the word "trust" in its title, in view of the provisions of the Act of 1923?

In relation to national banks, section 5134 of the Revised Statutes of the United States provides: "The persons uniting to form such association shall, under their hands, make an organization certificate which shall specifically

3 D. & C.

state the name assumed by such association, which name shall be subject to the approval of the Comptroller of the Currency."

And the Act of Congress approved May 1, 1886, ch. 73, § 2, 24 Stat at L. 18, provides: "That any national bank association may change its name, . . . with the approval of the Comptroller of the Currency, by a vote of shareholders owning two-thirds of the stock of such association."

Thus we see the national bank may assume a name which shall be subject to the approval of the Comptroller of the Currency; may change that name subject to like approval, and the Federal Reserve Board, by permit under a valid Act of Congress, has the authority to clothe the national bank with power to act in the same fiduciary capacity "in which state banks, trust companies or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located." It is true that it is provided that the permit shall be granted only "when not in contravention of state or local laws." But the same section provides: "Whenever the laws of such state authorize or permit the exercise of any or all of the foregoing powers by state banks, trust companies or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of state or local law within the meaning of this act."

The expression "when not in contravention of state or local law" refers to the power conferred upon a national bank to act in a fiduciary capacity, and does not refer in any way to the name of the bank, and to what title may or may not be used.

In Missouri, the law in reference to using the word "trust" or "trust company" is practically the same as in our State under the Act of April 22, 1909, and the same question that is involved here was brought before the United States District Court for the Western District of Missouri in Fidelity National Bank and Trust Co. v. Enright, State Banking Commissioner, 264 Fed. Repr. 236. The court held, where a national bank has been authorized by the Federal Reserve Board to act as trustee and in other fiduciary capacities, and its name as a bank and trust company has been approved by the Comptroller, its right to use the name and to exercise such functions cannot be impaired by any action of the state or its officers. The court said:

"No good reason is perceived why any one authorized to do both kinds of business may not use both names. . . .

"When the Government of the United States enters any field over which Congress is given express, or necessarily implied, jurisdiction, it appropriates that field to the fullest extent necessary to insure the complete and effective exercise of its sovereignty. The name of a national bank must be approved by the Comptroller of the Currency. It can be changed, or its use interfered with, by no other authority. We have here, then, a national bank empowered by the laws of the United States to act in a fiduciary capacity, and bearing a name confirmed by national authority. Clearly, any act on the part of the state which impairs, hampers, embarrasses, restricts, or, in effect, wholly prevents the discharge of its functions as a national banking institution with the incidental powers enumerated, must be void, because in express conflict with the paramount laws of the United States."

The object of all interpretations and construction of statutes is to ascertain and, if possible, carry out the intention of the legislature and to apply such intention to the facts of a given case. However, with the Missouri case decided as it has been, there seems but one conclusion in the matter under consideration.

### National Banks as Trust Companies.

It can hardly be contended that if valid authority is granted to a national bank to exercise certain functions under a name which no state agency is entitled to question, an act of assembly can limit or destroy the privileges granted.

I am, therefore, of the opinion that a national bank doing business in this State and authorized to use the word "trust" or "trust company" in its title or name by the paramount laws of the United States cannot be prevented from using such title by the Act of 1923.

                                        From C. P. Addams, Harrisburg, Pa.